

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

| | |
|---|---|
| IN RE:<br><br>WILLIAM JAMES WINSTON, JR. and<br>LORA LEE WINSTON,<br><br>              Debtors. | CASE NO. 5:24-bk-50064<br><br>CHAPTER 7<br>Asset<br><br>JUDGE B. MCKAY MIGNAULT |
| ROBERT L. JOHNS,<br><br>              Plaintiff,<br><br>v.<br><br>PEOPLES SECURITY BANK AND<br>TRUST COMPANY,<br><br>              Defendant. | ADVERSARY PROCEEDING<br>CASE NO. 5:25-ap-05001 |

## MEMORANDUM OPINION AND ORDER

Pending is the *Defendant's Motion for Summary Judgment* [dkt. 16] (the "Motion")

filed by Defendant Peoples Security Bank and Trust Company (the "Bank") on August 4, 2025.

Plaintiff Robert L. Johns, Trustee (the "Trustee") filed *Plaintiff's Combined Objection and*

*Memorandum in Opposition to Defendant's Motion for Summary Judgment* [dkt. 26] ("Response")

on August 18, 2025. A hearing was held on September 11, 2025 (the "Hearing"), at which the

Court heard argument and took the Motion under advisement. All briefing having been completed,

the matter is now ripe for adjudication. For the reasons stated herein, the Court **GRANTS** the

Bank's Motion and **DISMISSES** the Trustee's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this adversary proceeding are not in dispute.  On May 15, 2024, Debtor William James Winston, Jr., through his operation of a commercial trucking business, entered into a secured loan agreement (the "Loan Agreement") with the Bank.  *See* Mot., Ex. A [dkt. 20-1].  Under the Loan Agreement, Mr. Winston agreed to pay the Bank seventy-two monthly payments of $3,211.47 for the purchase of a 2024 Volvo Sleeper Tractor (the "Collateral") for use in his trucking business.  *See id.*

Mr. Winston, a West Virginia resident, applied for a certificate of title with the Illinois Secretary of State on May 21, 2024.  *See id.*, Ex. B [dkt. 20-2].  His application relied upon an Illinois address.  *See id.*  The Illinois Secretary of State issued the certificate of title (the "Certificate") on June 4, 2024, noting the Bank's lien on the Collateral.  *See* Resp., Ex. F [dkt. 26-2].

On August 29, 2024, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  On February 6, 2025, the Trustee filed this adversary proceeding, including his *Complaint to Determine Extent and Validity of Lien and to Avoid Lien* [dkt. 1] (the "Complaint").  The Complaint asserts that the Bank's lien should be avoided as a preferential transfer under 11 U.S.C. § 547.  *Id.* ¶ 11.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, authorizes summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.  The moving party bears the initial burden to make a *prima facie* showing of its right to judgment as a matter of law; then the burden shifts to

the nonmoving party, who must go beyond the pleadings and demonstrate that there is a genuine

issue of material fact which precludes summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S.

317, 324 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Nonetheless, "the mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of

*material* fact."  *Emmett*, 532 F.3d at 297 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986)).

## DISCUSSION

The Trustee contends that the Bank's lien is avoidable under 11 U.S.C. § 547 as a

preferential transfer.  Section 547 defines certain transfers that were made out of the debtor's estate

within the 90-day pre-petition window as "preferences" and allows the trustee to avoid them.

*Vogel v. Russell Transfer, Inc.*, 852 F.2d 797, 798 (4th Cir. 1988).  There are five elements to a

§ 547(b) claim.  A Trustee may avoid any transfer of an interest of the debtor in property —

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>    (A) on or within 90 days before the date of the filing of the petition; or
>    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>    (A) the case were a case under chapter 7 of this title;
>    (B) the transfer had not been made; and
>    (C) such creditor received payment of such debt to the extent provided by the provision of this title.

11 U.S.C. § 547(b).  The party bringing the preference action bears the burden of proof on each of

the five elements.  *Id.* § 547(g).

3

In its Motion, the Bank argues that the Trustee has failed to satisfy the elements of

§ 547(b)—specifically, the requirement that the transfer be made on or within 90 days before the

filing of the petition.[1]  On this point, the parties are in accord.  The parties agree that the pertinent

date is the date on which the parties executed the Loan Agreement (May 15, 2024), and they also

agree that the Debtors did not file their bankruptcy petition until more than 90 days later (on August

29, 2024).  Accordingly, the Trustee does not dispute in his Response, and likewise did not dispute

at the Hearing, that the challenged transfer occurred outside of the 90-day pre-petition window.

*See* Resp. at 7.

Attempting to avoid this timing requirement, the Trustee's Response invokes a

different provision of the Bankruptcy Code: the "strong-arm" clause.  *Id.*; *see* 11 U.S.C. § 544(a)

(providing that "[t]he trustee shall have, as of the commencement of the case, and without regard

to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any

transfer of property of the debtor or any obligation incurred by the debtor" that could have been

avoided by certain judicial lien holders or bona fide purchasers).  The Trustee argues that the State

of Illinois cannot issue a certificate of title to an out-of-state resident, thereby rendering the

Certificate invalid and the lien avoidable under § 544.

Whatever the merits of the Trustee's assertion, it is beyond the scope of this

adversary proceeding.  The Trustee confirmed at the Hearing that § 544 does not appear in his

Complaint, and he has not filed a motion to amend his Complaint to assert a § 544 claim.[2]  *See*

*generally In re Caesars Entm't Operating Co., Inc.*, 561 B.R. 457, 466 n.2-3 (Bankr. N.D. Ill.

---

[1] The Bank also presents alternative arguments, including that the lien is protected by the contemporaneous new value defense.  Because the parties agree that a transfer was not made within the 90-day pre-petition window, the Court need not address the Bank's alternative arguments.

[2] It is worth noting that the Trustee's Response likewise makes clear that he is relying only on § 547.  *See* Resp. at 2 n.1 (stating that the Response "focuses . . . on the Plaintiff's claims pursuant to 11 U.S.C. § 547").

2016) (describing the difference between § 544 claims and § 547 claims).  It is well-settled that a party cannot amend a complaint to add new claims through a response brief or oral argument.  *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing or oral advocacy.").  As such, the Court rejects the Trustee's argument that the transfer should be avoided under § 544.

Because the parties do not dispute that the challenged transfer occurred outside of the 90-day pre-petition window (and, as a result, that the essential § 547(b) elements have not been met), there is no genuine dispute of material fact as to the claims raised in the Complaint.  The Bank is therefore entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**;

2. The Complaint is **DISMISSED**;

3. This adversary proceeding may be **CLOSED** and stricken from the Court's active docket.


**It is so ORDERED.**